Filed 12/27/24  In re L.L. CA4/2
*See dissenting opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re L.L., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E082173 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1900526) |
| v. | OPINION |
| B.L., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge.  Dismissed in part; reversed in part with directions.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

# I.  INTRODUCTION

B.L. (Father) is the father of L.L.  In February 2023, the Riverside County Department of Public Social Services (the department) filed a petition pursuant to Welfare and Institutions Code[1] section 300 et seq., on behalf of L.L., alleging that (1) Father had committed acts of sexual abuse against L.L., and (2) Father was unable to adequately supervise, protect, or provide for L.L.  On August 25, 2023, the juvenile court held a jurisdictional hearing, sustained the jurisdictional allegations against Father, but set the matter for a further hearing to consider disposition.  At the same hearing, the juvenile court granted a request by L.L.'s mother (Mother)[2] to issue a restraining order against Father.

On September 19, 2023, Father filed a notice of appeal purporting to appeal the "jurisdictional finding pursuant to Welfare and Institutions Code section 300[, subdivision] (b) and 300[, subdivision] (d)" as well as the restraining order.  On appeal, Father argues that (1) the juvenile court's jurisdictional findings should be reversed for insufficient evidence, and (2) the juvenile court abused its discretion when it issued a five-year restraining order in favor of Mother.  We conclude that Father is entitled to reversal of the restraining order but that Father's challenge to the jurisdictional findings should be dismissed.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

[2]  Mother is not a party to this appeal.

## II. FACTS AND PROCEDURAL HISTORY

Mother and Father are the parents of L.L. They were previously involved in a juvenile dependency proceeding in Los Angeles County, which resulted in the issuance of family law orders granting Mother physical custody of L.L., providing Father with visitation rights, and providing for shared legal custody of L.L. In January 2023, a social worker interviewed L.L. at school in response to a referral received by the department. During the interview, L.L. made statements that the social worker believed suggested Father was touching L.L. in an inappropriately sexual manner, as well as causing physical injury to L.L. during visits. As a result, the department detained L.L. from Father[3] and filed a petition pursuant to section 300 et seq. on L.L.'s behalf.

At the detention hearing, Mother requested the juvenile court issue a restraining order against Father naming Mother and L.L. as protected persons. In response, the juvenile court issued a temporary restraining order but set the matter for a hearing.

The department filed a first amended petition, which alleged jurisdiction pursuant to section 300, subdivision (b), as the result of Father's inability to adequately supervise, protect, or provide for L.L., and pursuant to section 300, subdivision (d), as the result of Father's alleged acts of sexual abuse. The juvenile court held a contested jurisdictional hearing over the course of multiple days in which the parties presented the live testimony of numerous witnesses, including Father, Mother, L.L.'s older sibling, multiple social workers, multiple medical experts, a staff member from L.L.'s school, and a professional

---

[3] L.L. remained in Mother's physical custody.

3

visitation monitor.  At the conclusion of the hearing on August 25, 2023, the juvenile court found true the jurisdictional allegations of the amended petition, granted a five-year restraining order in favor of Mother and L.L. against Father, and set the matter for a future dispositional hearing.

On September 19, 2023, the juvenile court held a dispositional hearing, at which time the department recommended that the juvenile court terminate the dependency proceeding upon the filing of family law orders granting Mother sole physical and sole legal custody of L.L. with Father holding only the right to supervised visits with L.L. Father did not object to the department's recommendation.[4]  As a result, the juvenile court made a dispositional order formally removing L.L. from Father's physical custody and indicated its intent to terminate the dependency proceeding upon the filing of formal, written family law orders submitted by the parties, which would include an order granting Mother sole legal and sole physical custody.  That same day, Father filed a notice of appeal, purporting to appeal from the "jurisdictional finding pursuant to Welfare and Institutions Code section 300[, subdivision] (b) and 300[, subdivision] (d)," as well as the restraining order issued by the juvenile court on August 25.

On September 29, 2023, the juvenile court entered formal, written family law orders and dismissed the juvenile dependency proceeding.

---

[4]  Instead, Father requested only minor changes to the proposed order, such as specific terms for visitations and a provision granting him access to L.L.'s education and medical records.

4

## III. DISCUSSION

A. *We Dismiss the Portion of the Appeal Challenging the Jurisdictional Findings*

The primary issue raised in Father's appeal is a challenge to the jurisdictional findings made by the juvenile court. Specifically, Father challenges each of the findings as unsupported by substantial evidence. We conclude that this portion of Father's appeal must be dismissed.

Assuming we have appellate jurisdiction to reach the merits of Father's challenge to the juvenile court's jurisdictional findings[5], the record shows that the issue is now moot. "A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation] A case becomes moot when events ' "render it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation] [¶]. . . This rule applies in the dependency context." (*In re D.P.* (2023) 14 Cal.5th 266, 276.)

---

[5] Generally, " ' "[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." . . . We have no jurisdiction over an order not mentioned in the notice of appeal.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) And the notice of appeal in this case is far from clear. The notice purports to appeal from the "jurisdictional findings" and the restraining order issued on August 25, 2023. While Father also checked a box indicating an intent to appeal from an order made under "Section 360 (declaration of dependency)" that included "[r]emoval of custody from parent or guardian" with "review of section 300 jurisdictional findings," the juvenile court made no order pursuant to section 360 because it expressly declined to declare a dependency in this case.

In this case, the record shows that 10 days after the filing of Father's notice of appeal, the juvenile court terminated dependency jurisdiction and entered family law orders (alternatively referred to as "exit orders"[6]). As is widely recognized, "[a]n order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.) This includes appeals seeking to challenge erroneous jurisdictional findings. (*Id.* at pp. 164-165; *In re N.S.* (2016) 245 Cal.App.4th 53, 57, 60 [appeal challenging jurisdictional findings rendered moot by juvenile court's subsequent order dismissing dependency jurisdiction]; *In re D.P.*, *supra*, 14 Cal.5th at pp. 273, 278, 283 [dismissal of juvenile dependency renders appeal from jurisdictional findings moot absent a "specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings"].) In *In re D.P.*, our Supreme Court clarified the appropriate test to determine whether appeal of a jurisdictional finding is moot, explaining that the question of mootness turns on "[w]hether or not a parent has demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings." (14 Cal.5th at p. 283.)

Here, Father has not identified any legal or practical consequence that would be avoided by reversing the jurisdictional findings in this appeal. Notably, while the

---

[6] Section 362.4 "authorizes a juvenile court to make 'exit orders' regarding custody and visitation upon terminating dependency jurisdiction over a child." (*In re J.M.* (2023) 89 Cal.App.5th 95, 112; § 362.4, subd. (a).) The exit order is filed in any pending family law case involving the parties or, if no family law case is pending, it can form the basis of a new family law case. The order is enforced by the family court and is subject to modification or termination based on the family court's own statutory authority and procedures. (*Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1169-1170.)

juvenile court removed L.L. from Father's physical custody at the time of the dispositional hearing, the order that now governs Father's custodial rights is the exit order entered at the time the juvenile court terminated jurisdiction. While both orders purport to remove L.L. from Father's custody, these are different orders.[7] The exit order cannot be set aside based solely on an appeal from a dispositional order challenging jurisdiction. (See *In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164 ["[T]o the extent an appellant argues . . . that the challenged jurisdiction finding resulted in an adverse juvenile custody order and seeks to have that custody order set aside, in addition to the appeal from the jurisdiction finding, an appeal from the orders terminating jurisdiction and awarding custody is necessary for [an appellate court] to be able to provide effective relief."].) Thus, because reversal of the jurisdictional findings would not result in reversal of the exit order, Father has not shown what legal or practical consequence could be achieved by reaching the merits of his claim.

Additionally, while Father asserts in a conclusory fashion that reversal of the jurisdictional findings could result in an award of joint physical and legal custody, Father has not suggested on appeal how the jurisdictional findings he seeks to reverse served as

---

[7] A dispositional order of removal is issued pursuant to section 361, while an order determining custody made at the time the juvenile court terminates jurisdiction is issued pursuant to section 362.4. (§§ 361, 362.4.) In fact, the juvenile court specifically noted at the time of disposition that its intended family law order granting Mother sole physical and sole legal custody of L.L. was intended to be a different order than its dispositional order removing L.L. from Father's custody.

the basis of the exit orders now in effect.[8]  The custody determination made as part of an exit order "does not require a finding of detriment under any circumstances" and is, instead, based upon the juvenile court's determination of what is "in the best interest of the chil[d], considering the totality of the circumstances."  (*In re J.M.*, *supra*, 89 Cal.App.5th at pp. 113, 115; *In re N.M.* (2023) 88 Cal.App.5th 1090, 1094.)  The status of a parent as " 'offending' " or " 'nonoffending' " may be relevant, "but not necessarily outcome determinative," and "does not categorically disqualify [a parent] from custody or otherwise limit the court's ability to issue orders necessary to further [the child's] best interest."  (*In re Destiny D.* (2017) 15 Cal.App.5th 197, 209.)  In fact, the decision to terminate jurisdiction is based upon a determination that "terminating jurisdiction [is] appropriate because the dangerous conditions justifying assumption of jurisdiction under section 300 no longer exist[s] . . . ."  (*In re J.M.*, at p. 114.)

Thus, there is no basis for this court to presume that the juvenile court considered the jurisdictional findings in assessing the best interests of L.L. when fashioning the exit orders now in effect.[9]  And Father has not presented any substantive argument explaining

---

[8]  The fact that jurisdictional findings are necessary to assert dependency jurisdiction cannot alone be the basis for concluding that a subsequent dependency order is "based on" the jurisdictional finding.  If that were true, an appeal from a dispositional order challenging jurisdiction could be used to collaterally attack and unravel any other separately appealable order subsequently issued by the juvenile court.

[9]  In fact, the record shows that the family orders were based upon the stipulation of all parties—including Father.  At the outset of the dispositional hearing, counsel for the department represented that counsel held a conference prior to the hearing and "father's counsel . . . indicated that father would be submitting on the case closed and the family law orders," but would make a request for modification of the visitation and

*[footnote continued on next page]*

why we should draw that conclusion. Given this record, even assuming we have appellate jurisdiction to review the merits of Father's challenge under a liberal construction of his notice of appeal, Father's challenge to the jurisdictional findings are now moot, and dismissal of this portion of Father's appeal would still be the appropriate disposition.[10]

B. *Father Is Entitled to Reversal of the Restraining Order*

Father also challenges the juvenile court's issuance of a restraining order in favor of Mother pursuant to section 213.5. Specifically, Father argues that (1) substantial evidence does not support the issuance of a restraining order listing Mother as a protected person, and (2) the juvenile court abused its discretion by providing that the term of the restraining order would last for five years. We agree with Father that the juvenile court abused its discretion by providing that the term of the restraining order would last for five

_____

therapy provisions of the proposed order. Consistent with this representation, Father's counsel stated that he understood that the family law order would involve granting Mother sole legal custody, and requested only modifications related to the terms of visitation, authorization for cojoint therapy, and access to records. Finally, the proposed written family law orders were jointly submitted to the juvenile court by all parties.

[10] While we have discretion to reach an otherwise moot challenge to jurisdictional findings (*In re D.P., supra*, 14 Cal.5th at pp. 284-287), Father has not suggested why the exercise of such discretion would be appropriate in this case. Reversal of the jurisdictional findings would not appear to alleviate any perceived stigma, since the record shows that jurisdictional allegations involving sexual abuse were already sustained against Father in a prior juvenile dependency proceeding. Father has not appealed from the family law orders now in effect and has not suggested which aspects of the family law orders he believes should be reversed or modified. And the jurisdictional findings were not necessary for issuance of the restraining order that Father has challenged on appeal. (See *In re S.G.* (2021) 71 Cal.App.5th 654, 670 [It is sufficient to show that the restrained person "disturbed the peace" of the petitioner to support issuance of a restraining order under section 213.5.].)

years and, as a result, need not reach Father's alternative arguments challenging the sufficiency of the evidence to support the order.

"Section 213.5 governs the issuance of restraining orders by the juvenile court. Thereunder, the juvenile court may issue . . . an order 'enjoining any person from molesting, attacking, striking, stalking, threatening, . . . battering, harassing, telephoning, . . . contacting, . . . coming within a specified distance of, or disturbing the peace of . . . any parent . . . of the child [who is the subject of dependency proceedings], regardless of whether the child resides with that parent, . . . upon application . . . .'" (*In re S.G.*, *supra*, 71 Cal.App.5th at p. 670.)[11] "Issuance of a restraining order under section 213.5 does not require 'evidence that the restrained person has previously molested, attacked, struck, sexually assaulted, stalked or battered the [petitioner or person to be protected].' [Citation.] It may be sufficient to show that the person be restrained 'disturbed the peace' of the petitioner [citation], meaning he or she engaged in conduct that destroyed the petitioner's ' " 'mental or emotional calm.' " ' " (*Id.* at p. 671.)

"A restraining order under section 213.5 is reviewed for an abuse of discretion." (*In re A.M.* (2019) 37 Cal.App.5th 614, 619.) However, " '[t]he abuse of discretion

_____

[11] While section 213.5 refers to the issuance of a restraining order upon the filing of petitions under section 311 by a probation officer, the Court of Appeal has clarified that the juvenile court also has authority to issue protective orders pursuant to this provision following the filing of a petition under section 300 by a social worker. (*In re H.D.* (2024) 99 Cal.App.5th 814, 818-820; *In re Lilianna C.* (2024) 99 Cal.App.5th 638, 646 [noting that the statute contains a drafting error and it is a "long-standing and consistent reading of section 213.5" that the statute "empowers juvenile courts to issue restraining orders to protect the dependent child even when it is a social worker who files the initial petition"].)

standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*In re Miguel R.* (2024) 100 Cal.App.5th 152, 165, quoting *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

Here, it is undisputed that the juvenile court issued a restraining order against Father for a term of five years. As the department concedes on appeal, section 213.5 expressly provides that "[a] restraining order granted pursuant to this subdivision shall remain in effect, in the discretion of the court, no more than three years . . . ." (§ 213.5, subd. (d)(1).) The issuance of a restraining order beyond the maximum term permitted by statute constitutes an act in excess of the juvenile court's jurisdiction[12] and, as a result, an arbitrary and capricious application of the law to the facts of the case. Given this conclusion, reversal of the restraining order is required regardless of whether there was substantial evidence in the record to support issuance of the restraining order at the time it was made, and we need not reach Father's alternative argument regarding whether substantial evidence supported issuance of the order.

---

[12] "A court acts in excess of jurisdiction 'where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' " (*In re Jesusa V.* (2004) 32 Cal.4th 588, 624.)

We are left only with the question of the appropriate disposition in this case. Generally, "[i]f the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise *informed* discretion with awareness of the full scope of its discretion and applicable law." (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 26.) Thus, contrary to the department's suggestion, we do not believe that modification of the juvenile court's order on appeal to provide for a term of three years is an appropriate disposition.[13]

We could reverse the order and direct the juvenile court to conduct a new hearing pursuant to section 213.5. However, the record in this case shows that the juvenile court has already terminated dependency jurisdiction; and, as a result, the case has proceeded beyond the point where a restraining order pursuant to section 213.5 is typically issued. (§ 213.5, subd. (a) [An order under the statute may be issued only "until the time that the [dependency] petition is dismissed or dependency is terminated."].) In the usual case, "once the juvenile court terminates jurisdiction, the family court assumes jurisdiction over restraining orders issued in the juvenile court" (*Garcia v. Escobar* (2017) 17 Cal.App.5th 267, 271; § 362.4), and the family court has the authority to renew or

---

[13] This is particularly true where, as here, the juvenile court did not explain its reasoning in issuing the order beyond a general comment that a restraining order was "an appropriate order" "based on the evidence [it] heard," without specifying a term. The term was only specified in the written order filed after the hearing, such that the parties had no opportunity to argue an appropriate length of time for the order. The juvenile court made no comments, and thus we have no reason to believe that the juvenile court intended to select the maximum term permissible for a restraining order.

12

modify any prior restraining orders. (*Garcia*, at p. 267; *Priscila N. v. Leonardo G.* (2017) 17 Cal.App.5th 1208; Fam. Code, § 6345, subd. (a).)

As recently explained in *In re S.G.* (2021) 71 Cal.App.5th 654, the dismissal of the juvenile dependency proceedings does not necessarily prevent a reviewing court from issuing a limited remand directing the juvenile court to conduct a new hearing pursuant to section 213.5 because an appellate court has general authority to reverse an order and direct further proceedings under Code of Civil Procedure sections 43 and 906. (*Id.* at p. 668.) Nevertheless, we are unpersuaded that a limited remand to the juvenile court to conduct a new hearing under section 213.5 is appropriate in this case. Notably, no party has requested a remand for the juvenile court to conduct a new hearing under section 213.5. In fact, Mother has not made herself a party in this appeal. And we discern at least one significant reason why she would not: unlike the juvenile court, the family court does have authority to issue a restraining order for a period of up to five years. (Fam. Code, § 6345, subd. (a).) Thus, Mother can obtain the very protection she was originally granted in the juvenile court by making a new request in the family court, whereas remand to the juvenile court for a new proceeding under section 213.5 could never result in that relief.

Absent a request for a new hearing by any party, we see no reason to remand the matter to the juvenile court with directions to conduct a new hearing pursuant to section 213.5. This is especially true where the party protected by the restraining order has a superior means to obtain the protection she was originally granted and has not requested a

13

remand to obtain a new order under section 213.5.[14]  Instead, we believe the appropriate disposition is to reverse the restraining order and remand with directions to vacate the order.  And we leave to the parties whether to seek renewed protection in the family court proceedings as they deem appropriate.

## IV.  DISPOSITION

The portion of the appeal challenging the juvenile court's jurisdictional findings is dismissed.  The juvenile court's restraining order issued on August 25, 2023 is reversed, and the matter is remanded with directions for the juvenile court to vacate the order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                                              J.

I concur:

CODRINGTON
                    Acting P. J.

---

[14]  For this reason, we find *In re S.G.* distinguishable and decline to adopt the disposition reached in that case.  In that case, both the restrained and protected party were parties to the appeal and presumably asserted their interests with respect to a desired disposition.  (*In re S.G.*, *supra*, 71 Cal.App.5th at p. 657.)

[*In re L.L.*, E082173]

RAPHAEL, J., concurring and dissenting.

Father's challenge to the jurisdictional findings in this dependency case is not moot, so I respectfully dissent from that portion of the opinion.

I

Father hotly contested the jurisdictional allegations. The court heard 10 witnesses spread over seven court days and received many documents into evidence. On August 25, 2023, the court found jurisdiction over the case under Welfare & Institutions Code section 300, subdivisions (b)(1) and (d).[1]

A parent cannot appeal directly from a jurisdictional finding in a dependency case. Rather, they must wait for the dispositional order. "A dispositional order is appealable, and review on appeal encompasses the court's jurisdictional findings." (*In re G.C.* (2020) 8 Cal.5th 1119, 1126.)

On September 19, 2023, less than four weeks after it assumed jurisdiction, the court held a dispositional hearing. This would be the last time the parties appeared in dependency court. At that hearing, the court found section 361, subdivisions (c)(1) and (c)(4) applied and removed physical custody of the child from Father. As the parties had an active family law case, the court said it would terminate the dependency case when the parties filed orders reflecting the court's custody ruling. A minute order that day reflected all the court's rulings, including its order removing physical custody of his

---

[1] Code citations are to the Welfare & Institutions Code.

1

daughter from Father and its order that the dependency action is terminated upon the filing of the custody order.

Father appealed the same day. The notice of appeal said he was appealing from the September 19, 2023, hearing, and he checked boxes to indicate he was appealing the declaration of dependency and the removal of custody. He checked another box to state he sought review of the jurisdictional findings. He attached the September 19, 2023, minute order that reflected all the rulings from the dispositional hearing that day.

A few days later, the parties filed, and the court signed, a form custody order that reflected the court's custody ruling at the dispositional hearing. This is sometimes referred to as an exit order or a family law custody order. That order did not itself state that the dependency action was terminated. There were no further hearings, orders, or other judicial actions in the dependency case.

II

This dependency case is not moot if "review of the jurisdictional finding can grant the parent effective relief." (*In re D.P.* (2023) 14 Cal.5th 266, 277.) Just about two years ago, in *In re D.P.*, our Supreme Court made clear that we can still grant effective relief in this case, so it is not moot.

An appellate court can still grant effective relief in a dependency case that has terminated in trial court, so long as a dependency order "continues to impact a parent's rights." (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.) In particular, "when a juvenile court's finding forms the basis for an order that continues to impact a parent's rights — for

instance, by restricting visitation or custody — that jurisdictional finding remains subject to challenge, even if the juvenile court has terminated its jurisdiction." (*Ibid*.)

Because the jurisdictional findings here led to an order removing custody from Father, this appeal was not rendered moot by the end of the dependency. In this appeal, Father challenges the jurisdictional findings that were entered after a long, contested court trial. Because of the jurisdictional findings, the trial court had the ability to declare the child a dependent of the court and remove custody from Father. Father asks for reinstatement of the joint custody he had with mother before the dependency case. Father has challenged a jurisdiction ruling that led to an adverse custody ruling that "continues to impact" his rights. (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.)

The trial court's termination of the dependency does not moot the appeal because "review of the jurisdictional finding can grant the parent effective relief." (*In re D.P.*, *supra*, 14 Cal.5th at p. 277.) That is, "reversal of the jurisdictional finding calls into question the validity of orders based on that finding." (*Ibid*.) Were we to hold that insufficient evidence supported the jurisdictional findings, we would order reversed not only those findings, but also the orders that removed custody from Father, as the trial court had the power to issue those orders only if it had jurisdiction. (See, e.g., *In re I.S.* (2021) 67 Cal.App.5th 918, 933 ["Because we conclude that the jurisdictional findings must be reversed, the dispositional order removing I.S. from Mother's custody also must be reversed"].) The appeal is not moot.

The crux of the majority opinion's reasoning is that Father had to appeal not just from the dispositional order (which enabled him to challenge the jurisdictional findings) but also from the exit order (which, purportedly, is a separate custody order that would render the dispositional challenge ineffective to change custody.)  (Maj. opn., *ante*, at p. 7.)  For instance, the majority says the "exit order cannot be set aside based solely on an appeal from a dispositional order challenging jurisdiction." (*Ibid*.)  But the exit order, like the dispositional order, was based on the jurisdictional findings; each was permissible only if the dependency court had jurisdiction.

For this reason, even before our Supreme Court decided *In re D.P.*, various Court of Appeal opinions reversed exit orders as a consequence of reversing jurisdictional findings.  For example, in *In re Roger S*. (2018) 31 Cal.App.5th 572, 583, the juvenile court concluded there was insufficient evidence to sustain the jurisdictional finding that mother's neglect placed the child at risk of harm.  Though the juvenile court had terminated dependency jurisdiction with a custody order, the Court of Appeal reversed, explaining "[b]ecause there was no basis for dependency jurisdiction, we also reverse the disposition order and the custody order the juvenile court issued." (*Id.* at p. 583.)  The Court of Appeal remanded to the family court for a hearing on custody and visitation. (*Id.* at pp. 583-584; see also *In re G.B*. (2018) 28 Cal.App.5th 475, 483, 489 [reversing the jurisdictional findings, disposition order, and "[a]ll orders issued after the disposition hearing," including an exit order and an order terminating the dependency]; *In re Jesus M*. (2015) 235 Cal.App.4th 104, 114  ["In the absence of jurisdiction, the court had no

4

authority to issue a dispositional order or the family law custody order"]; *In re R.M.*

(2009) 175 Cal.App.4th 986, 991 ["In light of our determination that the jurisdictional

order must be reversed, the dispositional order placing the children outside Mother's

home and all subsequent orders as to Mother must be reversed as well"].) The majority's

view contradicts these cases, which demonstrate the exit order is vulnerable to reversal.

Before *In re D.P.*, it was possible for the Court of Appeal to conclude the

termination of a dependency rendered moot an earlier appeal, even if a custody ruling

that would continue to affect the parent was at issue. That explains why, in *In re Rashad

D.* (2021) 63 Cal.App.5th 156, 164 (*Rashad D.*), a case the majority relies on, the court

held that "an appeal from the orders terminating jurisdiction and awarding custody is

necessary for this court to be able to provide effective relief." Without another appeal,

*Rashad D.* held, "the juvenile court has no jurisdiction to conduct further hearings in the

now-closed case." (*Ibid.*) *In re D.P.* did not adopt this view. Though it provided an

extensive explanation of how appeals are not rendered moot by a dependency case's

termination, *In re D.P.* nowhere required an appeal from the termination order for the

appellate court to provide effective relief.

For instance, *In re D.P.* cited favorably *In re A.R.* (2009) 170 Cal.App.4th 733 for

its holding that a case was not moot. (*In re D.P.*, *supra*, 14 Cal.5th at pp. 276-277.) In *In

re A.R.*, while an appeal from a dispositional hearing was pending, the trial court

terminated jurisdiction over the dependency case. (*In re A.R.*, *supra*, at p. 740.) With no

indication that the parent filed a notice of appeal from the termination order, the Court of

Appeal held the case was not moot because the dependency rulings would affect the parent in family court. (*Ibid.*) *In re D.P.*'s approval of this case shows it does not support *Rashad D.*'s conclusion that the failure to appeal from the termination order precludes effective relief.

Our appeal, however, is not even moot under *Rashad D.* Here, the termination of the dependency was ordered at the disposition hearing. According to *Rashad D.*, in that circumstance an appeal from the disposition order "arguably" would preserve jurisdiction over the dependency case. (*Rashad D.*, *supra*, 63 Cal.App.5th at p. 166.) In another opinion from the same division with the same author, the court ruled on a dependency challenge even though the notice of appeal was filed on the day of a dispositional hearing while the order terminating jurisdiction was stayed until counsel filed a custody order on a later day. (*In re Destiny D.* (2017) 15 Cal.App.5th 197, 205 fn. 5.) Here, much the same thing happened. At the September 19 hearing, the trial court announced two orders identical in substance, a disposition order and an exit order, but filed the exit order on a form submitted a few days later. Both orders encompassed the final rulings in the dependency case, including removing custody from father.

In all, under *In re D.P.*, this case is not moot. If we were to find insufficient evidence to support the jurisdictional finding, we would order both the dispositional order and the simultaneously announced exit order vacated, as the juvenile court would have lacked the power to issue both.

6

For the above reasons, I dissent from the mootness holding and would address the merits of the challenge to dependency jurisdiction. I agree with the portion of the majority opinion reversing the restraining order.

RAPHAEL

J.